UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Respondents. | Civil Action No. 14-5390(MCA)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to file his Traverse as within time. (ECF No. 17.) It appearing that:

1. The Petition raises fifty-eight (58) claims for relief, many of which assert ineffective assistance of Petitioner's trial and appellate counsel. (ECF No. 3-1 at 3.) Respondents filed their Answer on November 6, 2017. (ECF Nos. 12-13.) Based on the record provided, it appears that a substantial number of Petitioner's claims are unexhausted, as they were not fairly presented to <u>all three levels</u> of the state court.

2. In particular, the record provided by Respondents reflects that Petitioner submitted a *pro se* supplemental brief on appeal of the denial of his PCR that was apparently overlooked by the Office of the Public Defender and belatedly submitted to the New Jersey Appellate Division, along with a motion to accept the submission as within time. (*See* ECF No. 12-17, Ex. 14.) The motion and Petitioner's pro se supplemental brief is stamped received by the Appellate Division on November 12, 2013. (*Id.*)

3. On November 19, 2013, the Appellate Division issued its decision affirming the denial of PCR. The <u>only issue</u> addressed by the Appellate Division decision is Petitioner's claim

1

that his attorney on direct appeal was ineffective for failing to challenge the outcome of the *Wade* hearing, which resulted in the admission of Petitioner's confession. *See State v. Coleman*, 2013 WL 6063389, at *1-2 (Nov. 19, 2013). This issue was raised by Petitioner's counsel on appeal from denial of his PCR. Neither the motion to accept Petitioner's *pro se* supplemental brief as within time nor the specific issues contained in the *pro se* supplemental brief are referenced in the Appellate Division's November 19, 2013 decision.

4. In his Petition and his Traverse, Petitioner contends that he filed a second PCR, which was denied on December 17, 2014, and Respondents appear to concede that Promis/Gavel, the statewide computerized criminal history case system, reflects that a second PCR was denied by the trial court on that date. (*See* ECF No. 18, Pet. Traverse at ¶ 11; ECF No. 12, Answer at ¶ 11.) Respondents otherwise claim that they have no knowledge of this second PCR. (ECF No. 12, Answer at ¶ 11.) It is not entirely clear which claims were raised in this second PCR or if these claims are the same claims raised in Petitioner's pro se supplemental brief on appeal from the denial of his first PCR.

5. Based on the record before the Court, it appears that the issues raised in Petitioner's *pro se* supplemental brief were not fairly presented to the Appellate Division and were likewise not presented to the Supreme Court in a petition for certification (*see* ECF No. 13-2), and thus remain unexhausted. A petitioner generally satisfies the exhaustion requirement by fairly presenting each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011). Where the state appellate courts have not yet ruled on a petitioner's claims, *see Castille v. Peoples*, 489 U.S. 346, 350 (1989), and "any available procedure remains for the [petitioner] to raise the question presented in the courts of the state, the applicant has not

exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner can therefore satisfy the exhaustion requirement only by fairly presenting his claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). It is likewise not sufficient that a petitioner has merely "been through the state courts," a claim will only be said to have been fairly presented, and thus properly exhausted, where the state courts had the "opportunity to hear the claim sought to be vindicated." *Picard*, 404 U.S. at 276. Notably, a claim is not "fairly presented" sufficient to satisfy the exhaustion requirement where some available process remains and the claim was only presented to the state appellate courts "in a procedural context in which its merits will not be considered." *Castille*, 489 U.S. at 351.

6. Here, Petitioner's *pro se* supplemental brief in connection with his PCR appeal was belatedly submitted to the Appellate Division by the Office of the Public Defender, along with a motion to accept it as within time, and was stamped received a week before the Appellate Division issued its decision affirming the denial of PCR. Furthermore, the November 19, 2013 opinion makes <u>no reference</u> to the motion or the *pro se* supplemental brief. As such, it appears that the Appellate Division did not consider the *pro se* supplemental brief in affirming the denial of Petitioner's PCR. Furthermore, Petitioner has not clarified in his Petition or Traverse whether he has exhausted some or all of the claims in the second PCR, and Respondent has not provided the relevant record for the second PCR. As such, the Petition appears to be a mixed petition.

7. Federal district courts may not adjudicate mixed petitions, *i.e.* petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a

stay and abeyance is appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."[1] *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

8. The Court will provide Petitioner with thirty (30) days to (1) clarify whether he has exhausted <u>all the claims in his Petition</u> to the highest level of the state court, (2) state the claims he raised in his second PCR, and (3) explain whether he has duly exhausted the claims in his second PCR. The Court emphasizes that to exhaust his claims, he must have raised the claims in the Petition to <u>every level of the state court</u>. To the extent any of the claims are unexhausted, Petitioner may request a stay under *Rhines* to go back to state court to attempt to exhaust the unexhausted claims <u>or</u> he may withdraw the unexhausted claims and proceed only on the exhausted claims.

9. Petitioner is notified that if he fails to respond to this Order by either requesting a stay <u>or</u> withdrawing his unexhausted claims, the Court will dismiss the Petition without prejudice as a mixed petition, and Petitioner may lose his opportunity for habeas relief.

10. Within thirty (30) days of the date of this Order, Respondents shall clarify by letter whether they have provided the entire record for Petitioner's PCR proceedings, including

---

[1] Here, based on the record provided, Petitioner can establish good cause for failing to exhaust the claims in his *pro se* supplemental petition, as the Office of the Public Defender apparently failed to submit it.

4

any Order granting or denying the Public Defender's motion and the available record for Petitioner's second PCR. If Respondents have not provided the entire record of Petitioner's PCR proceedings, they shall supplement the record accordingly.[2]

11. At this time, the Court will also grant Petitioner's motion requesting that the Court accept his Traverse as within time.

**IT IS THEREFORE**, on this 12 day of April 2018,

**ORDERED** that Petitioner's motion request to have the Court accept his Traverse as within time is GRANTED (ECF No. 17); and it is further

**ORDERED** that within 30 days of his receipt of this Order, Petitioner shall notify the Court in writing as to whether he has exhausted all the claims in his Petition to the highest level of the state court; Petitioner shall also state the claims asserted in his second PCR, and explain whether he has exhausted the claims asserted in his second PCR; and it is further

**ORDERED** that to the extent the Petition contains unexhausted claims, Petitioner shall request a stay under *Rhines* to exhaust his unexhausted claims or withdraw his unexhausted claims and proceed only on the exhausted claims; it is further

**ORDERED** that Petitioner is hereby notified that if he fails to respond to this Order, the Court will dismiss the Petition without prejudice as mixed, and Petitioner may lose his opportunity for habeas relief; and it is further

**ORDERED** that within 30 days of the date of this Order, Respondents shall clarify in writing whether they have provided the entire record of Petitioner's PCR proceedings and shall

---

[2] Respondents' citation to Promis/Gavel is insufficient to the extent there is a state court record of Petitioner's second PCR petition, the order denying the second PCR, and/or a record of subsequent proceedings. If the record of the second PCR is unavailable, Respondents shall provide a certification detailing the efforts made to locate the record of the second PCR, including efforts to obtain the record from the state court.

supplement the record as described herein; if the record is unavailable, Respondents shall provide a certification detailing their efforts to obtain the record; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

_____
Madeline Cox Arleo, District Judge
United States District Court

9-12-18